ANNA K. GILMAN, APPELLANT, *v.* AARON HEALY, RESPCNDENT.

*Judgment — it does not bind parties as to allegations made in the complaint. not determined in the action — it does not bind a person not cited to appear or made a party to it — a recital that "notice has been given to all persons interested" is not enough — the practice of receiving documentary evidence "subject to objection" disapproved.*

APPEAL by the plaintiff from a judgment entered on the report of a referee.

The action was brought for the alleged conversion of bank stock and moneys deposited with the defendant, either by the plaintiff individually, or by the plaintiff jointly with her brother Charles B. Gilman. The defendant claims to have disposed of most of this property in accordance with the terms and conditions on which he received it, and as to the remainder he pleads a tender thereof to the plaintiff and her refusal to accept the same.

The court at General Term said: "The substance of the plaintiff's contention is that the defendant made payments to her brother or by his direction, which should have been made only to her individually or upon her order. To meet this, the defendant introduced in evidence a judgment rendered in the Supreme Court of Maine in an action by this plaintiff against the same brother, Charles B. Gilman, in which she claimed to recover $30,000, 'money, funds and stocks placed in the hands of Aaron Healy in New York, belonging to the plaintiff, and disposed of and converted into money by said Charles B. Gilman.' The money thus sued for is said to be identical with that which is the subject of the present litigation. The defendant Charles B. Gilman was successful in that suit, and inasmuch as the plaintiff here, in order to succeed, must show that

the receipt of the money by Charles B. Gilman from Aaron Healy was unauthorized it is argued that she is bound by this Maine judgment, by which it appears that there was a finding in favor of Charles B. Gilman upon the charge she then made against him of converting this very money. A careful examination of the judgment, however, discloses no indication that the alleged conversion was passed upon by the court. It shows that the defendant relied on the statute of limitations and account filed in set-off. Nothing in the nature of the general issue appears to have been pleaded. The decision of the judge, who tried the cause without a jury, was that nothing was due to either party. The presumption is that this adjudication in favor of Charles B. Gilman was, based upon the defenses which he interposed and not upon a denial which apparently he did not make. The judgment seems to have been founded either upon the statute of limitations or the set-off, and in neither aspect can it avail the defendant Healy in the present suit.

" The plaintiff was the executrix and her brother Charles B. Gilman was the executor of the will of their deceased father Nathaniel Gilman, a portion of whose estate appears to have been in Maine. The defendant herein contends and the referee has found that a part of the money which he is charged with having converted belonged to the estate of Nathaniel Gilman, deceased, and it is proven that Charles B. Gilman, as executor, ordered Mr. Healy to pay over $11,438.86 of this money to Johanna Gilman, Nathaniel Gilman's widow, which Mr. Healy did. This payment was made in part compliance with a so-called judgment or order of the Probate Court of Kennebec county, Maine, for an allowance to the widow out of the personal estate of her deceased husband, which judgment or order was received in evidence on the trial of the present action together with a certificate of the register of the court to the effect that the widow's receipt for the $11, 438.86, already mentioned, had been accepted in part payment of the allowance in the settlement of the account of Charles B. Gilman ' one of the executors of the father's will.

" The plaintiff denies all knowledge of this judgment or order for the allowance to her mother, and it is difficult to see how it can be held to bind or effect her in the absence of evidence that she was in any manner cited or made a party to the proceeding. The recital

that 'notice has been given to all persons iterested' is not enough.

"This record was incompetent as against the plaintiff and it does not appear that it was harmless. The referee's findings show that he considered it in arriving at his decision. One of the important questions in the case was whether a portion of the money deposited with Mr. Healy was the property of the Gilman estate or the property of the plaintiff and her brother. If it was property of the estate, as the referee found this sum of $11,438.86 to be, the plaintiff suing as an individual could not recover it in this action. The referee might well have reached the conclusion that it did belong to the estate, without reference to the judicial record from Maine, but it is impossible to say that he was not influenced by this item of proof, or that without it the evidence was conclusive in favor of the defendant on this point. Hence the error is one which demands a reversal. (*Foote* v. *Beecher*, 78 N. Y., 155.)

"The practice of receiving documentary evidence 'subject to objection' which was adopted in reference to both the Maine records in this case is one which has hitherto been disapproved by the courts and cannot be sanctioned. (*Sharpe* v. *Freeman*, 45 N. Y., 802.) No final ruling admitting or rejecting the judgments appears in the appeal book, and the Appelate Court is left to discover as best it may, from a study of the record, whether the referee took these documents into consideration or not. As to the Supreme Court judgment it is somewhat doubtful, but as to the order of the Probate Court there can be no question, inasmuch as the findings refer to it.

"For these reasons and notwithstanding the probability that in the absence of the incompetent proof the result may be the same, a new trial should be awarded. As Chief Judge Church said in *Foote* v. *Beecher* (*supra*), a party has a right to an adjudication upon legal evidence."

*Raphael J. Moses, Jr.,* for the appellant.

*Edward P. Wilder,* for the respondent.

Opinion by BARTLETT, J.; VAN BRUNT, P. J., and DANIELS J., concurred.

Judgment reversed, new trial ordered, costs to abide event.